J. Ryan Mitchell (9362)
Andrew V. Collins (11544)
MITCHELL & BARLOW, P.C.
6465 South 3000 East, Suite 203
Salt Lake City, Utah 84121
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: rmitchell@mitchellbarlow.com
        acollins@mitchellbarlow.com

*Attorneys for Bart J. Brockbank*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re<br><br>BART J. BROCKBANK<br><br>Debtor. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| STERLING-McKAY, L.L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BART J. BROCKBANK, an individual,<br><br>Defendant. | Chapter 7 Adversary<br><br>Case No: 10-02251 |

FILED IN THE UNITED STATES BANKRUPTCY COURT DISTRICT OF UTAH 2010 MAY 28 PM 2:52

Defendant Bart J. Brockbank ("Brockbank"), by and through his undersigned counsel of record, hereby answers Plaintiff Sterling-McKay, L.L.C.'s ("Sterling-McKay") Complaint to Determine Non-Dischargeability of Debt (the "Complaint") as follows:



**FIRST DEFENSE**

Sterling-McKay's Complaint fails to state a claim against Brockbank upon which relief can be granted.

**SECOND DEFENSE**

Brockbank responds to each specific paragraph of Sterling-McKay's Complaint as follows:

**JURISDICTION, AND VENUE**

1. Admits.

**GENERAL ALLEGATIONS**

2. Brockbank lacks sufficient knowledge and information as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. Brockbank admits only that GLRFB, LLC ("GLRFB") executed and delivered a Secured Promissory Note (Secured by Deed of Trust) (the "Note") dated April 30, 2007, to Sterling-McKay. Brockbank affirmatively alleges that the Note speaks for itself and denies any and all allegations inconsistent therewith. Brockbank denies all other allegations contained in paragraph 3 of the Complaint.

4. Admits.

5. Brockbank admits only that he was the registered agent and a manager of GLRFB. Brockbank denies all other allegations contained in paragraph 5 of the Complaint.

6. Brockbank admits only that GLRFB was engaged in the business of real estate development and construction in April 2007. Brockbank denies all other allegations contained in paragraph 6 of the Complaint.

7. Denies.

8. Brockbank denies that he made the representations alleged in paragraph 8 of the Complaint. Brockbank lacks sufficient knowledge and information regarding the remaining allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Brockbank denies that he made the representations alleged in paragraph 9 of the Complaint. Brockbank lacks sufficient knowledge and information regarding the remaining allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Brockbank denies that he made the representations alleged in paragraph 10 of the Complaint. Brockbank lacks sufficient knowledge and information regarding the remaining allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. Brockbank denies the allegations against him in paragraph 11 of the Complaint. Brockbank lacks sufficient knowledge and information regarding the remaining allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Brockbank admits only that he was not licensed as an investment adviser, agent, or broker-dealer. Brockbank affirmatively alleges that he did not engage in any activity requiring a license as an adviser, agent, or broker-dealer. Brockbank lacks sufficient knowledge and information regarding the remaining allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Brockbank admits only that he did not provide to Sterling-McKay an executive summary, offering circular, private placement memorandum, or prospectus. Brockbank affirmatively alleges that he did not engage in any activity requiring an executive summary, offering circular, private placement memorandum, or prospectus to be delivered to Sterling-McKay. Brockbank lacks sufficient knowledge and information regarding the remaining allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Denies.

15. Brockbank admits only that he executed a Guaranty and affirmatively alleges that the Guaranty speaks for itself. Brockbank denies any and all allegations inconsistent with the Guaranty and denies all other allegations contained in paragraph 15 of the Complaint.

16. Brockbank admits only that he and his spouse executed a Deed of Trust for the real property located at 6113 West 11630 North, Highland, Utah on or about May 3, 2007, and affirmatively alleges that the Deed of Trust speaks for itself. Brockbank denies any and all allegations inconsistent with the Deed of Trust and denies all other allegations contained in paragraph 16 of the Complaint.

17. Brockbank admits only that GLRFB executed the Note and affirmatively alleges that the Note speaks for itself. Brockbank denies any and all allegations inconsistent therewith and denies all other allegations contained in paragraph 17 of the Complaint.

18. Brockbank admits only that GLRFB has not returned $200,000.00 to Sterling-McKay. Brockbank denies all other allegations contained in paragraph 18 of the Complaint.

## FIRST CAUSE OF ACTION
(Exception to Discharge – 11 U.S.C. § 523(a)(2)(A))

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. Denies.

24. Denies.

## SECOND CAUSE OF ACTION
(Exception to Discharge – 11 U.S.C. § 523(a)(4))

25. Brockbank incorporates his responses to paragraphs 1–24 of the Complaint as his response to paragraph 25 of the Complaint as if fully set forth herein.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

## THIRD CAUSE OF ACTION
(Exception to Discharge – 11 U.S.C. § 523(a)(19))

33. Brockbank incorporates his responses to paragraphs 1–32 of the Complaint as his response to paragraph 33 of the Complaint as if fully set forth herein.

34. Paragraph 34 of the Complaint purports only to recite portions of 11 U.S.C. § 523(a)(19), to which Brockbank is not required to respond.

35. Paragraph 35 of the Complaint purports only to recite portions of section 3(a)(47) of the Securities Exchange Act of 1934, to which Brockbank is not required to respond.

36. Paragraph 36 of the Complaint contains only legal conclusions to which Brockbank is not required to respond. To the extent a response is required, Brockbank denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint purports only to recite portions of section 77q(a) of the Securities Act of 1933, to which Brockbank is not required to respond.

38. Paragraph 38 of the Complaint contains only legal conclusions to which Brockbank is not required to respond. To the extent a response is required, Brockbank denies the allegations contained in paragraph 38 of the Complaint.

39. Denies.

40. Denies.

41. Paragraph 41 of the Complaint purports only to recite portions of Utah Code Ann. § 61-1-1, to which Brockbank is not required to respond.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Paragraph 46 of the Complaint contains only legal conclusions to which Brockbank is not required to respond. To the extent a response is required, Brockbank denies the allegations contained in paragraph 46 of the Complaint.

47. Denies.

48. Denies.

49. Paragraph 49 of the Complaint contains only legal conclusions to which Brockbank is not required to respond. To the extent a response is required, Brockbank denies the allegations contained in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains only legal conclusions to which Brockbank is not required to respond. To the extent a response is required, Brockbank denies the allegations contained in paragraph 50 of the Complaint.

51. Denies. Specifically, but without limitation, Brockbank denies that Sterling-McKay is entitled to either form of relief requested in paragraph 51 of the Complaint.

### THIRD DEFENSE

All allegations asserted by Sterling-McKay in the Complaint not expressly admitted in this Answer are denied.

### FOURTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred to the extent that it has failed to mitigate its damages, if any.

### FIFTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred because its damages, if any, were caused by one or more third parties over which Brockbank had no control.

### SIXTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred because of lack of standing.

### SEVENTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred because Sterling-McKay is not the real party in interest.

### EIGHTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred because of its own prior material breach of contract.

### NINTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred by the applicable statutes of limitations.

### TENTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred by the doctrine of laches.

### ELEVENTH DEFENSE

Sterling-McKay's Complaint and all contract claims asserted therein are barred by the statute of frauds.

### TWELFTH DEFENSE

Sterling-McKay's Complaint and all claims asserted therein are barred because of Sterling-McKay's failure to comply with Federal Rule of Bankruptcy Procedure 7009 and/or Federal Rule of Civil Procedure 9.

### RESERVATION

Brockbank hereby reserves his right to assert any other affirmative defenses that subsequent proceedings may reveal to be applicable so as to avoid waiver of the same.

WHEREFORE, Brockbank requests that Sterling-McKay's claims be dismissed with prejudice and upon the merits, that the relief sought by Sterling-McKay in the Prayer for Relief be denied, that Sterling-McKay take nothing thereby, that Brockbank be awarded his attorneys' fees and costs incurred in defending against Sterling-McKay's claims, and for such other and further relief as the Court may deem necessary, just, and proper.

DATED this 28 day of May, 2010.

MITCHELL & BARLOW, P.C.

_____
J. Ryan Mitchell
Andrew V. Collins
Attorneys for Bart J. Brockbank

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2010, I caused a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** to be served via U.S. Mail, first class postage prepaid, on the following:

Daniel W. McKay
HEIDEMAN, MCKAY, HEUGLY, & OLSON, LLC
397 North Main Street
Spanish Fork, Utah 84660

_/s/_____